

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

July 14, 2017

The Honorable John Zerwas, M.D.
Chair, Committee on Appropriations
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0154

Re: Whether an independent school district must hold a tax ratification election pursuant to Tax Code section 26.08 in specific circumstances (RQ-0159-KP)

Dear Representative Zerwas:

You ask whether an independent school district must hold a tax ratification election pursuant to Tax Code section 26.08 in specific circumstances.[1] As background, you explain that Fort Bend Independent School District ("Fort Bend ISD") "proposes to lower its overall ad valorem tax rate by 2 cents per $100 of valuation," and to achieve that result, it intends to "reduce its debt service rate by 4 cents per $100 valuation while raising its maintenance and operations rate by 2 cents per $100 of valuation."[2] Request Letter at 1. You question whether a tax ratification election is required in this scenario. *Id.*

## A. School district taxing authority

Answering your question first requires an understanding of the taxing authority the Legislature granted to independent school districts. The Education Code authorizes independent school districts to levy two distinct ad valorem taxes: (1) debt service taxes; and (2) maintenance and operations taxes. *See* TEX. EDUC. CODE §§ 45.001–.006. Before a district can levy either tax, a majority of the qualified voters of the district must separately approve the authority to issue bonds and levy a debt service tax, and the authority to levy a maintenance and operations tax. *Id.* § 45.003(a).

---

[1]Letter from Honorable John Zerwas, Chair, House Comm. on Appropriations, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Apr. 20, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Currently, Fort Bend ISD has a $1.34 per $100 valuation total tax rate that consists of a $1.04 per $100 valuation maintenance and operations tax rate and a $0.30 per $100 valuation debt service rate. *See* http://www.fortbendisd.com/cms/lib09/TX01917858/Centricity/domain/96/bud%202016-2017/Adopted%202016% 20Tax% 20Rate .pdf.

With regard to debt service taxes, voters may approve a district's issuance of bonds for the construction, acquisition, and equipment of school buildings, the acquisition of property, and the purchase of new school buses. *Id.* § 45.001(a)(1). When voters approve the issuance of bonds, they also authorize the district to levy and collect ad valorem taxes at a rate sufficient to pay the principal and interest—the debt service—on those bonds. *Id.* § 45.003(b). When a district submits a proposition to voters to authorize the issuance of bonds, it must include the question whether voters approve a limited or unlimited debt service tax rate. *Id.* § 45.003(b)(1)–(2). If voters in a district approve an unlimited debt service tax rate, the district may not thereafter submit a bond proposal with a limited debt service tax rate. *Id.* § 45.003(c).[3]

In addition to debt service taxes, districts may levy and collect ad valorem taxes "for the further maintenance of public schools in the district," which are commonly referred to as maintenance and operations taxes. *Id.* § 45.002. A proposition submitted to the voters to authorize the maintenance and operations tax "must include the question" whether the district may levy a tax rate "at a rate not to exceed the rate stated in the proposition."[4] *Id.* § 45.003(d). Education Code subsection 45.003(d) generally caps the maintenance and operations tax rate "per $100 of taxable value adopted by the district [to] the rate equal to the sum of $0.17 and the product of the state compression percentage, as determined under Section 42.2516, multiplied by $1.50."[5] *Id.*; *but see id.* § 45.003(f) (providing a different calculation for districts that in 2005 levied a maintenance and operations tax rate that exceeded $1.50). The State compression percentage for the 2017–18 fiscal year is 66.67 percent.[6] Thus, most school districts, including Fort Bend ISD, have a maintenance and operations tax rate cap of $1.17 per $100 of taxable value.[7] While districts may adopt a maintenance and operations rate up to $1.17, depending on what the districts' voters approved in past years, districts may be required to conduct a tax ratification election when adopting a rate below this rate cap. *Id.* § 45.003(e) (explaining that a maintenance and operations tax rate that exceeds the statutory cap "is void").

School districts may use the proceeds of each tax only for the purposes authorized. *See id.* §§ 45.001(a)(2), .002. Districts may use revenue from the debt service tax to pay the principal and interest on outstanding bonds. *Id.* § 45.001(a)(2); *see also id.* § 44.004(c)(5)(A)(ii)(b) (explaining that the debt service tax rate is the rate that would "provide the amount required to service the

---

[3]Before this office will approve the issuance of bonds under section 45.001, a district must demonstrate its ability to pay the principal of and interest on the proposed bonds and all previously issued bonds since September 1, 1992, from a tax rate not to exceed $0.50 per $100 of valuation. TEX. EDUC. CODE § 45.0031(a).

[4]To the extent that a specific district's voters capped the maintenance and operations taxes at the rate previously voted upon, the district would have no authority to increase the maintenance and operations tax rate absent further voter approval.

[5]Section 42.2516 defines the "state compression percentage" as "the percentage of a school district's adopted maintenance and operations tax rate for the 2005 tax year that serves as the basis for state funding." TEX. EDUC. CODE § 42.2516(a). The state compression percentage is established for a specific school year either by appropriation or, if not by appropriation, by the Commissioner of Education. *Id.*

[6]*See* General Appropriations Act, 85th Leg., R.S., S.B. 1, art. III-6 (2017).

[7]Districts that levied a maintenance and operations tax for the 2005 tax year at a rate greater than $1.50 per $100 of taxable value use a different formula to calculate their maintenance and operations tax rate cap. *See* TEX. EDUC. CODE § 45.003(f).

district's debt"). They may use revenue from the maintenance and operations tax to fund the district's current maintenance and operating expenses. *Id.* § 45.002. Districts do not have authority to increase the maintenance and operations tax rate to create a surplus to pay debt service with maintenance and operations tax revenue. *See* TEX. TAX CODE § 26.012(16) (defining "maintenance and operations" as "any lawful purpose *other than debt service* for which a taxing unit may spend property tax revenues" (emphasis added)).

## B. Adoption of tax rates and calculation of the rollback rate

With a school district's taxing authority in mind, we turn to the process the Legislature established for a district to adopt its annual tax rates. For each fiscal year, the governing board of a district must adopt a budget and propose corresponding tax rates. *See* TEX. EDUC. CODE § 44.004(a)–(b). The debt service tax rate and the maintenance and operations tax rate "must be approved separately" by the governing board of the district. TEX. TAX CODE § 26.05(a). Section 26.08 of the Tax Code establishes circumstances under which a district must conduct a tax ratification election after adopting those rates:

> (a)  If the governing body of a school district adopts a tax rate that exceeds the district's rollback tax rate, the registered voters of the district at an election held for that purpose must determine whether to approve the adopted tax rate. . . .
>
> (b)  . . . At the election, the ballots shall be prepared to permit voting for or against the proposition: "Approving the ad valorem tax rate of $___ per $100 valuation in (name of school district) for the current year, a rate that is $___ higher per $100 valuation than the school district rollback tax rate, for the purpose of (description of purpose of increase)." . . . .
>
> . . .
>
> (n)  For purposes of this section, the rollback tax rate of a school district whose maintenance and operations tax rate for the 2005 tax year was $1.50 or less per $100 of taxable value is:
>
> . . .
>
> (2) for the 2007 and subsequent tax years, the lesser of the following:
>
> (A)  the sum of the following:
>
> (i)    the rate per $100 of taxable value that is equal to the product of the state compression percentage . . . for the current year and $1.50;
>
> (ii)   the rate of $0.04 per $100 of taxable value;

     (iii) the rate that is equal to the sum of the differences for the 2006 and each subsequent tax year between the adopted tax rate of the district for that year if the rate was approved at an election under this section and the rollback tax rate of the district for that year; and

     (iv) the district's current debt rate; or

   (B) the sum of the following:

     (i) the effective maintenance and operations tax rate of the district as computed under Subsection (i) or (k), as applicable;

     (ii) the rate per $100 of taxable value that is equal to the product of the state compression percentage . . . for the current year and $0.06; and

     (iii) the district's current debt rate.

*Id.* § 26.08(a), (b), (n)(2). In essence, if a district adopts a total tax rate greater than the rollback tax rate, it must conduct a tax ratification election. *Id.*

  A district calculates its total ad valorem tax rate for purposes of section 26.08 by adding two components: (1) the tax rate required to service the district's debt, and (2) the tax rate needed to fund maintenance and operations expenditures for the next year.[8] TEX. EDUC. CODE § 44.004(c)(5)(A)(ii)(b); TEX. TAX CODE § 26.05(a)(2). Based on your description, it appears Fort Bend ISD is considering a debt service tax rate of $0.26 and a maintenance and operations tax rate of $1.06 for a total tax rate of $1.32. Request Letter at 1.

  Subsection 26.08(n) defines "rollback rate" for purposes of determining when a district must conduct a tax ratification election. TEX. TAX CODE § 26.08(n). That provision requires the sum of two separate components—a maintenance and operations tax rate and debt service tax rate. *Id.* The maintenance and operations component of the rollback rate is the lesser of: (A) the sum of the product of the state compression percentage (66.67%) and $1.50, four cents, and any additional cents authorized at prior rollback elections; or (B) the sum of the effective maintenance and operations rate and the product of the state compression percentage (66.67%) and six cents.

---

  [8]Tax Code subsection 26.05(a)(1) refers to Education Code section 44.004(c)(5)(A)(ii)(b) to establish how a district calculates its debt service tax rate. TEX. TAX CODE § 26.05(a)(1). That section provides that the debt service rate, also referred to as the "Interest & Sinking Fund," is the tax rate that would "impose taxes in an amount that, when added to state funds to be distributed to the district under Chapter 46 and any excess taxes collected to service the district's debt during the preceding year but not used for that purpose during that year, would provide the amount required to service the district's debt." TEX. EDUC. CODE § 44.004(c)(5)(A)(ii)(b).

*Id.* § 26.08(n)(2). Fort Bend ISD did not raise its maintenance and operations tax rate after the Legislature compressed those rates in 2006.[9] Thus, its maintenance and operations component of the rollback rate under the calculation in (A) is $1.04.[10]

Districts add their "current debt rate" to this maintenance and operations tax rate component to determine the total rollback rate. *Id.* § 26.08(n)(2)(A)(iv). Important to answering your question, under the Tax Code the debt service component of the rollback rate does not reflect the debt service tax rate of the preceding year. Instead, the "debt service portion of the rollback tax rate is the rate necessary to pay the taxing unit's debt payments in the coming year."[11] Any increase in the district's adopted debt service rate will thereby increase both the debt service component of the rollback rate and the total rollback tax rate, and will not, by itself, trigger a rollback election. Thus, the rollback tax rate effectively measures only the maintenance and operations component of the tax rate. Only a district's increase in the maintenance and operations tax rate will require a tax ratification election under section 26.08, and the rollback calculation incorporates a maximum limit on that maintenance and operations tax rate component.

This office addressed the same issue in Attorney General Opinion GA-0775. *See* Tex. Att'y Gen. Op. No. GA-0775 (2010) at 4–8.[12] As we then recognized, "subsection 26.08(a) incorporates not only the sum of the two separate tax components, but also the limits on those calculated components in the absence of a rollback election." *Id.* at 6. "Giving effect to subsection 26.08(n) and its separate tax rate calculations, as incorporated in subsection 26.08(a), necessarily means that the adopted rate *and* its maintenance and operations tax rate component cannot exceed the rollback rate *and* its maximum maintenance and operations tax rate component." *Id.*

With regard to Fort Bend ISD, it appears the district is considering a debt service tax rate of $0.26. If it adopts that rate and adds that to the $1.04 maintenance and operations component rate, Fort Bend ISD will have a $1.30 rollback tax rate. Thus, Fort Bend ISD's adopted tax rate of $1.32 would exceed its rollback rate of $1.30, and the plain language of section 26.08 therefore requires the district to conduct a tax ratification election if it adopts the rates as proposed.[13] Of course, it is within the power of the Legislature to modify section 26.08 to factor in the debt service tax rate of the preceding year.

---

[9]*See* http://www.fortbendisd.com/cms/lib09/TX01917858/Centricity/Domain/96/Tax Rate History.pdf.

[10]*See id.*

[11]GLENN HEGAR, TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, TRUTH-IN-TAXATION: ROLLBACK TAX RATES, https://comptroller.texas.gov/taxes/property-tax/truth-in-taxation/rollback-tax-rates.php.

[12]The requestor of GA-0775 did not specifically ask about a circumstance where a district lowered the debt service rate to the extent that the overall tax rate also decreased. *See* Tex. Att'y Gen. RQ-0839-GA (2009) at 1–2 (Letter from Honorable Rob Eissler, Chair, House Comm. on Pub. Educ., to Honorable Greg Abbott, Tex. Att'y Gen. (Nov. 6, 2009)), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs. However, he did ask whether a district could increase the maintenance and operations rate while decreasing the debt service rate and thereby avoid triggering a rollback election. *Id.*

[13]Although we do not have information regarding Fort Bend ISD's effective tax rate for purposes of calculating the subsection (B) component, that component would apply only if the effective maintenance and operations rate was less than $1.04. Under such circumstances, a tax ratification election would still be triggered because the proposed tax rate of $1.32 would exceed the sum of $1.04 (or less) at $0.26.

## C. Statutory ballot language

You suggest that the statutory ballot language required for a tax ratification election would mislead Fort Bend ISD voters. Request Letter at 3. Subsection 26.08(b) requires the following ballot language:

> Approving the ad valorem tax rate of $___ per $100 valuation in
> (name of school district) for the current year, a rate that is $___
> higher per $100 valuation than the school district rollback tax rate,
> for the purpose of (description of purpose of increase).

TEX. TAX CODE § 26.08(b). You submit that in using this ballot language with Fort Bend ISD's proposed overall tax rate, the district would be required to "insert a negative number when describing the difference between the adopted ad valorem rate and the rollback rate," requiring submission of something similar to the following:

> Approving the ad valorem tax rate of $1.32 per $100 valuation in
> Fort Bend Independent School District for the current year, a rate
> that is $ -2 cents higher per $100 valuation than the school district
> rollback rate . . . .

Request Letter at 3. However, such proposed language calculates the district's rollback rate using the preceding year's debt service tax rate ($0.30) rather than the "current debt rate" ($0.26), contrary to the plain language establishing how to calculate the rollback tax rate. TEX. TAX CODE § 26.08(n)(2)(A)(iv). Calculating the rollback tax rate using the current debt rate, as required by section 26.08, results in ballot language requiring the voters to adopt "a rate that is $0.02 higher per $100 valuation than the school district rollback rate." *Id.*

You also suggest that in adopting the proposed tax rates, Fort Bend ISD may lower its overall ad valorem tax rate from the previous year, and you question whether the district's expenditure on an election voting on a lower overall rate results in an absurdity. Request Letter at 3. While it may seem unusual to require Fort Bend ISD to hold an election when it lowers its debt service tax rate beyond the amount by which it raises its maintenance and operations tax rate, it does not amount to an absurd application of the law. *See Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 630 (Tex. 2013) (A "mere oddity does not equal an absurdity."). To the contrary, it ensures that a district does not raise the maintenance and operations tax rate beyond the maintenance and operations rollback rate without voter approval. If Fort Bend ISD has concerns about possible voter confusion, it may communicate with voters regarding the purpose and effect of a specific ballot measure, so long as the district does not advocate for or against the measure. *See* TEX. ELEC. CODE § 255.003(b). Thus, Fort Bend ISD could communicate to its voters that although it adopted an increased maintenance and operations tax rate for the coming year, because the district reduced the debt service tax rate, the overall tax rate will be lower than the preceding year.

After this office issued GA-0775 in 2010, the Legislature had multiple opportunities to revise section 26.08 to overrule the conclusion reached in that opinion, but it has not done so.

Consistent with this office's prior opinion, we reaffirm that the Legislature crafted laws that require a district that increases its adopted maintenance and operations tax rate above the maximum maintenance and operations tax rate component of the rollback tax rate to do so only by voter approval through a tax ratification election.[14]

---

[14]The Comptroller and the Texas Education Agency likewise advise school districts that increasing the maintenance and operations rate above the maximum maintenance and operations tax rate component of the rollback rate requires a tax ratification election. *See* GLENN HEGAR, TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, TRUTH-IN- TAXATION: ROLLBACK TAX RATES, https://comptroller.texas.gov/taxes/property-tax/truth-in-taxation/rollback-tax-rates.php, ("For school districts, the [maintenance and operations] portion of the rollback tax rate allows school districts to add four cents ($0.04) to the lesser of the current year's compressed operating tax rate or the effective [maintenance and operations] rate to generate operating funds. School districts will get to add any additional cents approved by voters at a 2006 or subsequent rollback election to the compressed operating rate."); TEX. EDUC. AGENCY, SCHOOL FINANCE TOPICS: TAX RATE HISTORY, http://tea.texas.gov/Finance_and_Grants/State_Funding/Manuals/School__Finance_Topics_-_One_Page_Descriptions/ ("To tax at a rate higher than $1.04, a school district's voters must ratify a higher tax rate.").

## S U M M A R Y

Subsection 26.08(a) of the Tax Code requires the registered voters of an independent school district to approve an adopted tax rate if the governing body of the district adopts a tax rate that exceeds the district's rollback tax rate. The rollback rate calculation, defined in subsection 26.08(n), includes a maximum maintenance and operations tax rate component and a current debt service tax rate component. The debt service component of the rollback rate does not reflect the debt service tax rate of the preceding year but of the current year. As a result, the rollback tax rate effectively measures only the maintenance and operations component of the tax rate.

An independent school district may not increase a maintenance and operations tax rate above the maximum maintenance and operations tax rate component calculated for purposes of the rollback tax rate without voter approval through a tax ratification election.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee